IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CURTIS RAY BALLOU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-093 |
| | ) | |
| GREGORY DOZIER; SCOTT WILKES; | ) | |
| STAN SHEPARD; DR. ABUZEID; | ) | |
| MARY AUSTON; DR. YOUNG; | ) | |
| DR. FURNAN; DR. WHITE; | ) | |
| CHRISTINE WILLIAMS; and | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 11) and this action be **DISMISSED** without prejudice.

## I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

## II.   DISCUSSION

### A.   The Case Should Be Dismissed Because Plaintiff Has Three Strikes Under § 1915(g) and Does Not Qualify for the Imminent Danger Exception, and Therefore He Cannot Proceed IFP.

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted:  (1) Ballou v. Geo Group Inc., No. 11-14084-A (11th Cir. May 11, 2012) (appeal dismissed as frivolous); (2) Ballou v. Bryson, 6:15-CV-125, doc. nos. 14, 15 (S.D. Ga. Apr. 28 and May 19, 2016) (dismissed for failure to exhaust administrative remedies)[1]; (3) Ballou v. Owen, 1:14-CV-202, doc. nos. 17, 20 (S.D. Ga. Mar.

---

[1]In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."

2

9 and Apr. 7, 2015) (dismissed for abuse of judicial process and failure to follow court order)[2]; (4) <u>Ballou v. Barber</u>, 7:12-CV-31, doc. nos. 33, 35 (M.D. Ga. Nov. 6 and Nov. 27, 2012) (dismissed for failure to exhaust administrative remedies); and (5) <u>Ballou v. Atlanta Med. Ctr.</u>, 1:10-CV-2959, doc. no. 27 (N.D. Ga. Oct. 25, 2011) (dismissed for failure to follow court order).  Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  <u>Mitchell v. Nobles</u>, -F.3d-, No. 16-12043, 2017 WL 4638018, at *3 (11th Cir. Oct. 17, 2017).

"[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."  <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Moreover, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm."  <u>Odum v. Bryan Judicial Circuit</u>, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (citation omitted).  Vague and conclusory allegations of imminent serious physical injury will not suffice.  <u>Margiotti v. Nichols</u>, No. CV 3:06-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) (citation omitted).  Here,

---

Rivera, 144 F.3d at 731; <u>see also</u> <u>Solliday v. Federal Officers</u>, 413 F. App'x 206, 208 (11th Cir. 2011) (same).

[2]Failing to comply with a court order, including lying under penalty of perjury about existence of prior lawsuits, qualifies as a strike under § 1915(g).  <u>See</u> <u>Rivera</u>, 144 F.3d at 731 (case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); <u>see also</u> <u>Malautea v. Suzuki Motor Co., Ltd.</u>, 987 F.2d 1536, 1544 (11th Cir. 1993) (failing to comply with court orders is an "abuse of the judicial process").

Plaintiff alleges various Defendants refused to provide surgical repair for a hernia, and he alleges the hernia became infected because he stayed in a cell without receiving proper cleaning supplies. (Doc. no. 10, pp. 4-5.) However, Plaintiff also states he has now had the hernia surgically repaired. (Id. at 4.)

The Eleventh Circuit recently addressed the type of medical situation that qualifies under § 1915(g) as "imminent danger of serious physical injury." Mitchell, 2017 WL 4638018 at *3-4. The Court must consider whether Plaintiff has alleged refusal of all treatment or mere refusal of desired treatment, and the Court must consider the allegations in the complaint "as a whole." Id. at *3. Unlike the plaintiff in Mitchell, Plaintiff has not alleged refusal of all treatment. To the contrary, although Plaintiff alleges his hernia surgery was delayed, he does not allege he received no treatment at all. In fact, he describes the treatment he was provided while awaiting surgery. (Doc. no. 10, pp. 4-5.) To the extent he complains about an infection prior to the surgery, he does not now describe an infection, and he also describes the treatment he received when he did have an infection. (Id. at 4.) There are no specific allegations of imminent physical injury. In sum, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

**B.      The Case Should Also Be Dismissed for Abuse of Judicial Process.**

The form complaint that Plaintiff used to commence this case, as well as the form Plaintiff used for his amended complaint, ask several questions regarding prior filing history, including whether any lawsuits have been filed regarding the facts of this case or otherwise relating to the conditions of a plaintiff's imprisonment. (See doc. nos. 1, 10.) Although

4

Plaintiff acknowledged he had filed lawsuits, he did not fully answer the questions regarding those lawsuits. Despite Plaintiff's extensive filing history, he conveniently alleges unnamed "staff destroyed most of my legal dockets" and simply wrote "N/A" regarding the details of his lawsuits. (Doc. no. 10, pp. 8-10.) He did not even provide bare minimum details as to whether his prior cases were filed in state or federal court. (Id. at 9-10.)

Another Magistrate Judge's description of Plaintiff's *modus operandi* regarding incomplete descriptions of litigation history is equally applicable in this case:

> Plaintiff misrepresented his prolific litigation history in his Complaint. The plain language of the standard complaint form is clear – asking whether Plaintiff "ever filed any lawsuit while incarcerated or detained."[3] (citation omitted) Thus, regardless of the outcome of Plaintiff's prior lawsuits, his initiation of those lawsuits is the precise type of activity for which this prompt requires disclosure. Plaintiff failed to fully disclose the information requested about his prior lawsuits and appeals. This constitutes a lack of candor that will not be tolerated in this Court. Plaintiff attempts to explain away his lack of candor by stating that he does nto have full records regarding his past clase. (citation omitted) However, Plaintiff did not make any real effort to describe his cases. . . . Plaintiff's failure to truthfully disclose his litigation history is particularly galling given that this Court previously dismissed one of his prior lawsuits for the same dishonesty. See R. & R., Ballou v. Owen, No. 1:14-cv-202, 2015 WL 1607983, at *3 (S.D. Ga. Apr. 7, 2015). Therefore, Plaintiff's abuse of judicial process provides further grounds for the Court to deny him leave to proceed *in forma pauperis* and to **DISMISS** this case.

Ballou v. Meadows Reg'l Med. Ctr., 6:17-CV-121, doc. no. 13, p. 9 (S.D. Ga. Oct. 10, 2017). Other judges ruling in Plaintiff's cases have similarly noted a pattern and practice of providing dishonest information. See Ballou v. Atlanta Med. Ctr., 1:10-CV-2959, doc. no. 7

---

[3]The complaint form in this case is equally clear when it asks if a plaintiff has "filed other lawsuits in state or federal court" and requiring disclosure of details of the cases. (Doc. no. 10, pp. 8-10.)

n.1 (N.D. Ga. Jan. 28, 2011) (describing Plaintiff's scam lawsuit regarding alleged sexual molestation by guards concocted by formulating story with cellmate).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint

and second amended complaint), *adopted by* <u>Alexander v. Salvador</u>, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. <u>See, e.g.</u>, <u>Brown v. Wright</u>, CV 111-044 (S.D. Ga. June 17, 2011); <u>Hood v. Tompkins</u>, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). Plaintiff has an extensive filing history in the federal courts, and in particular within the Southern District. By virtue of a prior dismissal in this Court, Plaintiff is well aware this Court will not tolerate dishonest answers regarding filing history. Even taking as true Plaintiff's assertion that "staff destroyed most of my legal dockets," Plaintiff's "N/A" notations on even the most basic questions as to whether prior cases were filed in state or federal court constitutes an unacceptable lack of candor. Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

## III.    CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed IFP be **DENIED**, (doc. no. 11), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would

require submission of a new complaint.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 25th day of October, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA